UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Arredondo, | § | |
|     *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action H-06-1580 |
| | § | |
| Gulf Bend Center, *et al.*, | § | |
|     *Defendants.* | § | |

## MEMORANDUM AND ORDER

Pro se plaintiff Robert Arredondo has filed an opposed motion to formally modify the pleadings (Dkt. 41) which this court construes as a motion for leave to amend. Having considered the motion, submissions of the parties, applicable law, the court concludes that plaintiff's motion should be denied.

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Although Rule 15(a) "'evinces a bias in favor of granting leave to amend,' it is not automatic." *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Furthermore, determining whether to grant leave is within the sound discretion of the trial court. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). One of the factors the court may consider is futility of the amendment. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Clearly, if the complaint as amended would still be subject to dismissal, no abuse of discretion occurs when the amendment is denied. *Addington*, 650 F.2d at 667.

Arredondo proposes to add claims to his pleadings under 42 U.S.C. § 1983-1986, the Texas Penal Code, and the Texas Labor Code. However, Arredondo's pleadings do not state a cause of action under any of the proposed statutes.

Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law. *See Conn v. Gabbert*, 526 U.S. 286, 290, (1999). Moreover, section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived her of a right secured by the Constitution or laws of the United States. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Arredondo, however, does not identify any federal right he is attempting to enforce through § 1983. Therefore, his § 1983 claim would be subject to dismissal.

Sections 1985 and 1986 are directed at conspiracies to interfere with civil rights. To state a claim under § 1985(3), plaintiffs must allege that they are victims of a race-based conspiracy. *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 758 (5th Cir.1987). Arredondo's proposed amended pleading does not state a claim under § 1985 because Arredondo has not pled any facts indicating that he was the victim of a race based conspiracy. Bald allegations of a conspiracy are insufficient; plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991). Furthermore, a valid § 1985 claim is a prerequisite to a

§ 1986 claim. Because Arredondo's proposed amendment does not state a valid § 1985 claim, it also does not state a § 1986 claim. Accordingly, his §§ 1985 and 1986 would be subject to dismissal.

Arredondo next attempts to add claims under the Texas Penal Code §§ 12.47, 39.06, and 39.03. While some civil torts can also amount to criminal violations, generally criminal statues do not create civil liability. *Gann v. Keith*, 253 S.W.2d 413, 417 (Tex. 1952). Arredondo seeks to amend the pleadings with criminal statutes relating to official oppression, misuse of official information, and an enhancement statute. None of these statutes, however, give rise to a civil cause of action. Therefore, Arredondo's proposed claims under the Texas Penal Code would be subject to dismissal.

Finally, Arredondo proposes to add a claim under the Texas Labor Code. Arredondo, however, fails to identify a specific provision of the Code. In order to state a claim under the Texas Labor Code, Arredondo must specify the provision under which he is suing.

For the reasons discussed above, Arredondo's proposed amendments to his pleadings are futile as they would be subject to dismissal. Therefore, Arredondo's motion to modify the pleadings is DENIED.

Signed at Houston, Texas on December 20, 2006

Stephen Wm Smith
United States Magistrate Judge