UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Robert Arredondo, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action H-06-1580 |
| | § | |
| Gulf Bend Center, *et al.*, | § | |
| *Defendants.* | § | |

## ORDER

Before the court is defendant Harris County Sheriff's Department's motion to dismiss. (Dkt. 20). *Pro se* plaintiff Robert Arredondo has filed a complaint under Title VII of the Civil Rights Act of 1964 for employment discrimination and retaliation. In the original complaint, Arredondo asserts claims against defendant Gulf Bend Center. Although the court docket shows that a summons was served on Tommy Thomas, Sheriff Harris County by certified mail (Dkt. 17), Arredondo did not file or seek leave to file an amended pleading asserting claims against Harris County Sheriff's Department (HCSD).[1]

HCSD thus moves to dismiss for improper service because the summons was not in compliance with Fed. R. Civ. P. 4(c)(1), (c)(2), and (j)(2). HSCD states that accompanying the summons served on Thomas was a document titled "Employment Discrimination Case Motion to Joinder Harris County Sheriff's Department" and a document styled "Employment

---

[1] Arredondo has filed a motion to modify the pleadings (Dkt 49). In that motion, Arredondo seeks to amend his complaint by asserting an additional claim under 42 U.S.C. § 1983-1986.

Discrimination Case." The document seeking to join HCSD was not filed or presented to this court. Therefore, service of process on HCSD is insufficient. The court has discretion to permit the perfection of service before dismissal. *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). As explained below, because Arredondo's claims against HCSD warrant dismissal under Fed. R. Civ. P. 12(b)(6), it would be futile to permit Arredondo to perfect service on Harris County.

Under Rule 12(b)(6) Harris County moves to dismiss Arredondo claims on the grounds that it is not a legal entity capable of being sued and that it was not Arredondo's employer under Title VII. When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In other words, a claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). Moreover, to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations or unwarranted deductions of fact. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496,

498 (5th Cir. 2000).

HCSD is not a legal entity capable of being sued because it is merely a department of Harris County with no separate legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 94 (5th Cir. 1991). Even if Arredondo had specifically alleged that HCSD was his employer for purposes of Title VII liability (which he has not), HCSD could not possibly be held liable on such a claim because it has no separate legal identity.

For these reasons, Harris County Sheriff's Department's motion to dismiss is GRANTED. Accordingly, Arredondo's claims against Harris County Sheriff's Department are DISMISSED.

Signed at Houston, Texas on December 20, 2006.

_____
Stephen Wm Smith
United States Magistrate Judge